**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **VICTOR PEREZ** | : | |
| | : | |
| **v.** | : | **C.A. No. 07-228ML** |
| | : | |
| **A.T. WALL** | : | |

**MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

For the reasons identified in its accompanying memorandum of law, designated party/respondent State of Rhode Island moves to dismiss Victor Perez's "Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody."

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**/s/ Christopher R. Bush**

**CHRISTOPHER R. BUSH, #5411**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

Date: July 20, 2007

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that I filed this document electronically on July 20, 2007, and that it is available for viewing and downloading from the ECF system. I also certify that I sent a copy of the within motion to the following by first-class mail on the same date:

Victor R. Perez
P.O. Box 8273
Cranston, R.I. 02920

/s/ Christopher R. Bush

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **VICTOR PEREZ** | : | |
| | : | |
| **v.** | : | **C.A. No. 07-228ML** |
| | : | |
| **A.T. WALL** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION**
**TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

## I. INTRODUCTION

Petitioner Victor Perez raises four claims in his Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody ("Petition"). Perez has not exhausted all of his claims in state court and, in any event, none have substantive merit. This Court should therefore dismiss or deny the Petition forthwith.

## II. BACKGROUND

A Providence County jury convicted Perez of the first degree murder of his mother on June 1, 2001. A full recitation of the facts giving rise to this conviction is contained in the Rhode Island Supreme Court's reported opinion in State v. Perez, 882 A.2d 574 (R.I. 2005).[1] For purposes of adjudicating the instant motion and Petition, only a few seemingly undisputed facts are relevant:

- On August 13, 1998, Perez fatally stabbed his mother, Rosa Perez, inflicting two stab wounds and forty incised wounds.[2] See Perez, 882 A.2d at 579.

[1] Pursuant to Rule 4(b)(1)(C) of this Court's Administrative Procedures for Electronic Case Filing, the State separately filed an Appendix containing a copy of State v. Perez, 882 A.2d 574 (R.I. 2005).

[2] Rhode Island Deputy Chief Medical Examiner Sikirica testified at trial that a "stab wound" is typically deeper than it is wide, while an "incised wound" is more like a cut in that it "'typically is longer than it is deeper.'" Perez, 882 A.2d at 579.

- On June 1, 2001, following a seven day trial in the Providence County Superior Court (Krause, J.), a jury convicted Perez on one count of first degree murder. See id. at 578, 582. The Superior Court sentenced Perez to the mandatory term of life imprisonment on June 21, 2001. See id. at 578.

- On August 26, 2005, the Rhode Island Supreme Court affirmed Perez's conviction. See id. at 574.

- On June 15, 2006, Perez filed an application for post conviction relief ("PCR application") in the Rhode Island Superior Court pursuant to R.I. Gen. Laws § 10-9.1-1 (Docket No. PM-2006-3208).[3] See Exhibit 1.

- On May 15, 2007, the Superior Court denied Perez's PCR application as "bereft of basis." See Exhibit 2. The Court did so after counsel appointed to represent Perez filed a memorandum in accordance with Shatney v. State, 755 A.2d 130 (R.I. 2000), in which he concluded that Perez's PCR application was "wholly frivolous, without merit, and neither supported by existing law, nor by a good faith argument for an extension, modification, or reversal of existing law." See Exhibit 3.

- Perez thereafter noticed an appeal of the Superior Court's denial of the PCR application. The Supreme Court has not yet docketed this appeal.

Perez filed this Petition on June 21, 2007, claiming that he did not receive a fair trial in violation of the Sixth and Fourteenth Amendments for four distinct reasons:

1. The trial justice erred in permitting the State's expert witness, Dr. Martin Kelly, to be present in the courtroom when Perez testified at trial. See Petition at 7.

2. The trial justice erred in permitting Kelly to testify at trial that he diagnosed Perez as having an antisocial personality disorder. See Petition at 8.

3. The trial justice erred in not suppressing statements that Perez made to police at the time of his arrest. See Petition at 8.

4. The trial justice erred in denying his motion to dismiss for lack of a speedy trial. See Petition at 8.

[3] Perez thereafter filed a second application for post conviction relief in the Rhode Island Superior Court (Docket No. PM-2006-5391). The Superior Court dismissed this PCR application on February 9, 2007, because it was "identical to, and duplicative of," the PCR application that Petitioner filed in PM-2006-3208.

## III. ARGUMENT

Perez's Petition is procedurally and substantively flawed. As an initial matter, the Petition is "mixed" insofar as it contains both unexhausted and exhausted claims. See Nowaczyk v. Warden, 299 F.3d 69, 75 (1st Cir. 2002). The Petition also lacks substantive merit as none of the Rhode Island Supreme Court's holdings were contrary to, or involved an unreasonable application of, clearly established federal law. See 28 U.S.C. § 2254.

### A. This Court Should Dismiss The Instant Petition Because Perez Has Not Exhausted His State Court Remedies With Respect To The Claims Raised In Grounds 1 And 2 Of The Petition.

A district court may not adjudicate a petition for the issuance of a writ of habeas corpus unless and until the petitioner has exhausted his or her state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ."). "In order to exhaust a claim, the petitioner must 'present the federal claim fairly and recognizably' to the state courts, meaning that he 'must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'" Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (quoting Casella v. Clemons, 207 F.3d 18, 20 (1st Cir. 2000) (internal quotation marks omitted)). A federal habeas petitioner may accomplish this by doing any of the following:

> (1) citing a provision of the federal constitution; (2) presenting a federal constitutional claim in a manner that fairly alerts the state court to the federal nature of the claim; (3) citing federal constitutional precedents; or (4) claiming violation of a right specifically protected in the federal constitution.

Id. (citing Gagne v. Fair, 835 F.2d 6, 7 (1st Cir. 1987)).

In the instant case, Perez has not exhausted his state court remedies with respect to the claims asserted in Grounds 1 and 2 of the Petition. In Ground 1, Perez asserts that the Rhode

Island Superior Court denied him a fair trial when it permitted Kelly, a professor of psychiatry at Harvard Medical School who testified as a rebuttal witness for the State, to remain in the courtroom during Perez's trial testimony. Perez challenged the trial justice's refusal to sequester Kelly on direct appeal to the Rhode Island Supreme Court, but did so on evidentiary, not constitutional, grounds. See Brief of the Defendant-Appellant at 14-19.[4] He specifically argued that the trial justice "erred in denying the motion to sequester" Kelly because his presence was not "essential" within the meaning of Rule 615 of the Rhode Island Rules of Evidence, id. at 19; the Rhode Island Supreme Court disagreed, see Perez, 882 A.2d at 583-84. Perez never argued that the trial justice's refusal to sequester Kelly constituted error of a constitutional dimension.

In Ground 2 of his Petition, Perez claims that the Superior Court denied him a fair trial when it permitted Kelly to testify that Perez suffered from an antisocial personality disorder. See Petition at 7-8. Perez challenged the trial justice's decision to permit Kelly to testify on this issue on direct appeal, but, once again, only did so on evidentiary grounds, specifically, the State's alleged noncompliance with Rule 16 of the Superior Court Rules of Criminal Procedure. See Brief of the Defendant-Appellant at 20-28.

Perez appears to have challenged the constitutionality of the trial justice's decisions in his PCR application. See Exhibit 1 at 3 (Paragraph II), 6 (Paragraph XIII). Notwithstanding the broad assertions about being deprived of his constitutional right to a fair trial, however, it is not entirely clear that Perez truly intended to challenge the constitutionality of the court's orders. Indeed, in objecting to the Shatney memorandum, Perez agreed with counsel's conclusion that each claim lacked merit because the "issue has already been raised on direct appeal and been

[4] Pursuant to Rule 4(b)(1)(C) of this Court's Administrative Procedures for Electronic Case Filing, the State separately an Appendix containing copies of the briefs filed in the Rhode Island Supreme Court.

denied . . . ." See Exhibit 3 at 3 (¶ 1), 9 (¶ 12) ; Exhibit 4 at 1 (¶ 1), 3 (¶ 12). Since the Rhode Island Supreme Court denied these claims on evidentiary grounds on direct appeal, Perez's objections suggest that he was actually asserting his evidentiary claims a second time in the PCR application.

In any event, Perez's appeal of the denial of his PCR application is currently pending in the Rhode Island Supreme Court. As such, it cannot be said that Perez has exhausted his state court remedies with respect to the claims raised in Grounds 1 and 2.[5] Unless Perez chooses to waive these claims, this Court should dismiss the entire Petition without prejudice.[6] *See* Rhines v. Weber, 544 U.S. 269, 277-79 (2005); Rose v. Lundy, 455 U.S. 509 (1982).

**B. This Court Should Deny The Instant Petition On Its Merits.**

To the extent that this Court were to reach the merits of the remaining claims in the Petition, the Court should deny and dismiss the Petition on its merits.

In Ground 3 of the Petition, Perez alleges that the Superior Court violated his constitutional rights when it permitted the State to introduce a statement that Perez made during his arrest at trial. See Petition at 8. Perez made the statement in question—"I didn't do anything to that f****** b****"—after Providence Police Officer Jose Deschamps advised him of his Miranda rights and in response to Officer Deschamps's question as to when he last saw his

[5] It is not clear what arguments Perez will raise on appeal. To the extent that Perez challenges the constitutionality of the trial justice's refusal to sequester Kelly and decision to allow him to testify about the antisocial personality disorder, the State may argue that Perez is banned from raising the claims because he could have done so on direct appeal. See R.I. Gen. Laws § 10-9.1-8. If the Supreme Court were to deny Perez's appeal on these grounds, Perez could not raise them in federal court. See Olszewski v. Spencer, 466 F.3d 47, 62 (1st Cir. 2006).

[6] The United States Supreme Court has approved a "stay and abeyance" procedure in limited circumstances. See Josselyn v. Dennehy, 475 F.3d 1, 4 (1st Cir. 2007). In order "to obtain a stay of a mixed petition, the petitioner must show that there was 'good cause' for failing to exhaust the state remedies, the claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics." Id. (quoting Rhines, 544 U.S. at 277).

mother.[7] Brief of the Defendant-Appellant at 9; see also Perez, 882 A.2d at 582. Perez also told Deschamps that he had sustained visible injuries in a fight with a black male "downtown." See Brief of the Defendant-Appellant at 9; Perez, 882 A.2d at 582. Perez appears to be making the same argument here that he did on direct appeal, the crux of which is that, since Perez never affirmatively informed Deschamps that he understood his Miranda rights and wanted to waive them before making his statements, the trial justice erred in concluding that he voluntarily, knowingly and intelligently waived those rights. See Petition at 8; Brief of the Defendant-Appellant at 29-36.

In Ground 4 of the Petition, Perez alleges that the Superior Court violated his constitutional rights when it denied his motion to dismiss for lack of a speedy trial. See Petition at 8. Perez argues he did not receive a speedy trial in light of the three years that passed between the filing of the charges against him and his trial. See Petition at 8; Brief of the Defendant-Appellant at 37-42.

Title 28, section 2254 of the United States Code governs this Court's consideration of habeas corpus petitions. Section 2254(d) states that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

[7] A detailed summary of the events surrounding Perez's arrest are set forth in the Rhode Island Supreme Court opinion. See Perez, 882 A.2d at 578-82.

Id.

The terms "contrary to" and "unreasonable application" in § 2254 have independent meaning. See Bell v. Cone, 535 U.S. 685, 694 (2002). The "contrary to" clause applies only when a state court either employs a test or rule of law that is inconsistent with one announced by the United States Supreme Court or reaches the opposite conclusion on materially indistinguishable facts. See id.; Williams v. Taylor, 529 U.S. 362, 404-10 (2000); Rashad v. Walsh, 300 F.3d 27, 34-35 (1st Cir. 2002). An "unreasonable application" of federal law exists when a state court (1) uses the correct legal standard in an objectively unreasonable manner, (2) unreasonably extends Supreme Court precedent to an inappropriate context, or (3) fails to extend such Supreme Court precedent to an appropriate context. See Bell, 535 U.S. at 694; Rashad, 300 F.3d at 34-35. This standard "does not demand infallibility: a state court's decision may be objectively reasonable even if a federal habeas court, exercising its independent judgment, would have reached a different conclusion." Rashad, 300 F.3d at 34-35.

Moreover, an unreasonable application of Supreme Court precedent is not the same as an erroneous application; "the mere fact that there was some error or that the state decision was incorrect is not enough." McCambridge v. Hall, 303 F.3d 24, 36 (1st Cir. 2002). The "unreasonableness" of the ruling must be incrementally "great enough to make the decision unreasonable in the independent and objective judgment of the federal court. If it is a close question whether the state decision is in error, then the state decision cannot be an unreasonable application." McCambridge, 303 F.3d at 36-37.

Finally, "the state court's factual findings are entitled to a presumption of correctness that can be rebutted only by clear and convincing evidence to the contrary." Rashad, 300 F.3d at 35-36 (quoting Ouber v. Guarino, 293 F.3d 19, 27 (1st Cir. 2002)). Unless a petitioner carries this

burden, a federal habeas court is obliged to credit the factual findings of state courts on the trial and appellate levels. Id. This includes those reasonable inferences drawn by the state courts from the evidence presented at trial as well as the trial record. Id. at 39 n.8.

The Rhode Island Supreme Court decision affirming both the admission of Perez's statement into evidence at trial, see Perez, 882 A.2d at 587-589, and the denial of his motion to dismiss on speedy trial grounds, id. at 590-93, is not contrary to, and does not constitute an unreasonable application of, clearly established federal law. To the contrary, the Supreme Court in each instance applied the correct legal standard in an objectively reasonable manner.[8] As such, Perez cannot sustain the instant Petition.

## IV. CONCLUSION

For the reasons identified above, this Court should dismiss or deny Victor Perez's "Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody."[9]

[8] In addressing Perez's claim that the trial justice should have suppressed the statement that he made to Officer Deschamps, the Rhode Island Supreme Court properly denied the claim on the merits and concluded that, even if the statement should have been suppressed, its admission would have constituted nothing more than harmless error. See Perez, 882 A.2d at 587-90.

[9] In accordance with Rule 5(c) of the Rules Governing Section 2254 Cases In The United States District Courts, the Department of Attorney General states that it does not possess any transcripts from this case. With rare exception, the Department of Attorney General does not copy the official transcripts prepared in connection with the appeal of a judgment of conviction to the Rhode Island Supreme Court. Copies of the transcripts on file in state court could be furnished upon request; the amount of time it would take to furnish the transcripts would depend on whether the file is located at the state court clerk's office or whether the clerk previously transferred the file to an off-site records center for long-term storage.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**/s/ Christopher R. Bush**

**CHRISTOPHER R. BUSH, #5411**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

Date: July 20, 2007

## CERTIFICATION

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that I filed this document electronically on July 20, 2007, and that it is available for viewing and downloading from the ECF system. I also certify that I sent a copy of the within memorandum to the following by first-class mail on the same date:

Victor R. Perez
P.O. Box 8273
Cranston, R.I. 02920

/s/ Christopher R. Bush