# STATE OF RHODE ISLAND
# SUPERIOR COURT

**CIVIL CASE COVER SHEET**

Case * (Filled in by Clerk's Office)
PM/06-3208

This form must be filed with each original document that comences a civil proceeding in the Clerk's Office. If the case is a District Court appeal, the form must be filed with the appeal in the District Court and will then be transferred with other documents to the Superior Court.

| PLAINTIFFS: | DEFENDANTS: |
|---|---|
| Victor R. Perez | State of Rhode Island |

NATURE OF PROCEEDING — Check the applicable case type under main categories listed below. (check one only)

**District Court Appeal** ☐ Yes (check type below)

☐ AGA Agency appeal
☐ ANT Anti-trust
☐ ASB Assault and battery
☐ BKA Book account
☐ CIC Criminal inj. compensation
☐ CLA Common law assignment
☐ CLL Common law lien
☐ CON Contract
☐ CNV Conversion
☐ CRC Criminal conversation
☐ CRJ Civil Rights Job Discrimination
☐ DEJ Declaratory judgment
☐ DIN Recovery of damages/insurance
☐ DOJ Debt on judgment
☐ DPC Denial of probate claim
☐ Other than above (specify type):

☐ DTP Deceptive trade practice
☐ EXT Excessive tax
☐ FOR Forfeiture
☐ FRJ Foreign Judgment
☐ IDV Personal inj./property dam-vehicle
☐ INR Injunctive relief
☐ IPL Interpleader
☐ LIB Libel/slander
☐ MLE Malpractice/legal
☐ MME Malpractice/medical
☐ MOT Malpractice/other
☐ PDM Property damage
☐ PDV Property damage / vehicle
☐ PER Personal injury
☐ PIV Personal injury-vehicle
☐ PRL Product liabilty

☐ PRN Promissory note
☐ PRT Partition
☐ RIC Reinstate charter
☐ RLP Real property
☐ ROF Recovery of funds
☐ SAB Sexual abuse
☐ SPP Specific performance
☐ SXH Sexual harassment
☐ TAE Trespass and ejectment
☐ TCO Title clearing (other than tax title)
☐ TCT Trustee/appt convey title
☐ TRA Trustee/accounting
☐ UNM Uninsured motorist
☐ WOM Mandamus. Writ of
☐ WOR Replevin, Writ of
☐ WRD Wrongful death

## MISCELLANEOUS PETITIONS

☐ AOD Assessment of damages
☐ AOS Trustee successor
☐ AOT Trustee / appointment of
☐ ARA Arbitration award
☐ CAR Arbitration /confirm
☐ CFC Confirm compromise
☐ CND Condemnation
☐ CNT Contempt
☐ DOC Dissolution of corp.
☐ DOT Trustee / declination of
☐ DSC Disclaimer
☐ Other than above (specify type):

☐ EDP End partnership
☐ FOC Forfeiture of charter
☐ FRR Forclosure of right redemption
☐ GJI Grand jury investigation
☐ HAC Habeas corpus
☐ MAW Material witness
☐ MEL Mechanics lien
☐ OSW Out of state witness
☒ PCR Post conviction relief
☐ PFC Petition for constable
☐ PFI Petition for immunity

☐ PFR Petition for review
☐ PFS Perform surgery
☐ PIN Pet for inventory (wire tap)
☐ PTD Pet to take deposition
☐ PTE Petition to expunge
☐ R5A Rule 5A petition
☐ REC Receivership
☐ RTA Arbitration referral
☐ TCL Title clearing (tax title)
☐ TLF Foreclosure / tax lien
☐ VAR Arbitration / vacate

HENRY S. KINCH JR., CLERK
FILED
2006 JUN 15 A 9:08

## PROBATE APPEALS

☐ WIL Will ☐ TRS Trust ☐ GRD Guardianship ☐ NAC Name change

☐ Other than above (specify type):

Is this a case that may require a trial for resolution? ☒ Yes ☐ No If yes: ☐ Jury or ☒ Non-jury

( Attorney name and Registration # Kenneth C Vale KENNETH C VALE #3277 5/31/06 (Date

Pro se/Name ______________________

SC-223 (Rev. 6/00)

# State of Rhode Island and Providence Plantations

PROVIDENCE, SC. SUPERIOR COURT

Victor R. Perez

Vs. Ca. No. PM06/3208

State of Rhode Island

## APPLICATION FOR POST-CONVICTION RELIEF

Now, comes the applicant Victor R. Perez, in the above entitled matter PRO-SE, and moves this Honorable Court to grant relief persuant to Rhode Island General Laws §10-9.1-1 subsection (a) (5) for the defendant violating the plaintiff's constitutional Rights under the United States Constitution and the Constitution of the State of Rhode Island.

The petitioner asserts that he was denied a fair and impartial trial under the Fifth (5th), Sixth (6th), Eighth (8th), Tenth (10th), and fourteenth (14th) amendments to the United States Constitution and the Constitution of the State of Rhode Island.

## JURISDICTION

1.) Jurisdiction in this matter is involked pursuant to Rhode Island General Laws 1956 (1985 reenactment ) § 10-9.1-1 (a) (3), (5) and (6), and Rhode Island General Laws 1956 ( 1985 reenactment ) § 10-9.1-2 (a);

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2006 JUN 15 A 9:08

## PARTIES

1.) The plaintiff is an inmate with-in the department of corrections, The Adult Correctional Institute in Cranston, Rhode Island.

2.) The Defendant Ashabel T. Wall is the director of the Department of Corrections, The Adult Correctional Institute in Cranston, Rhode Island.

## HISTORICAL FACTS

That on May 22,2001, the plaintiff was put on trial on a charge of first degree murder in the Superior Court of Providence County in Providence, Rhode Island before Justice Robert D. Krause and a jury (Providence county Superior Court Criminal File No. P1/99-0571. That on June 1,2001, the jury returned a verdict of guilty and the petitioner was sentenced to life inprisonment That petitioner is presently incarcerated by the State of Rhode Island pursuant to said sentence and is unlawfully restrained for the reasons setforth below.

## I

That the aforesaid judgment of guilt was appealed to the Rhode Island Supreme Court and on August 25,2005 the conviction was affirmed. State of Rhode Island Vs Victor R. Perez

II

That the petitioner was denied his constitutional right to a fair and impartial trial when the court, over the petitioner's objection, allowed a prosecutorial witness to remain in the court room when said witness was not critical or essential to the presentation of the prosecutor's case.

III

That the petitioner was denied his constitutional right to a fair and impartial trial when the court received over the objection of the petitioner the testimony of said expert witness that was directly tailored to that of the petitioner's testimony.

IV

That the petitioner was denied his constitutional right to a fair and impartial trial when the tailored testimony of the expert witness was received by the court which gave the jury a play by play analysis of the petitioner's testimony thus giving the jury an improper and convenient hook on which to hang its verdict of guilt for first degree murder on.

V

That the petitioner was denied his constitutional right to a fair and impartial when the court over the objection of the plaintiff failed to properly instruct the jury astto the meaning of premeditation when applied to for first degree murder

VI

That the petitioner was denied his constitutional right to a fair and impartial trial when the court over the objection of the petitioner failed to properly instruct the jury in the matter of diminished capacity when the petitioner raised it as his defense.

VII

That the petitioner was denied his constitutional right to a fair and impartial trial when the court over the objection of the petitioner failed to correct an improper instruction to the jury when the court told the jury that they would find the petitioner guilty of one of the charges against him.

VIII

That the petitioner was denied his constitutional right to a fair and impartial trial when the court over the objection of the petitioner failed to answer a question raised by the jury as to an improper instruction reguarding the word of premeditation.

IX

That the petitioner was denied his

constitutional right to a fair and impartial trial when the court, over the objection of the petitioner allowed the question raised by the jury to be answered by someone other than the court. When the trial justice should have been the only one to answer a question of this magnitude.

X

That the petitioner was denied his right to a fair and impartial trial when his attorney became ineffective when he failed to object to the prosecution offering to the court evidence that the Providence police illegally obtained with-out a search warrent from the appartment of the petitioner.

XI

That the petitioner was denied his right to a fair and impartial trial when his attorney became ineffective when the prosecutor used in evidence against him material which was unconstitutionally and illegally seized from petitioners home and the home of Luis Rivera by the providence police who were acting unlawfully.
The facts will show that the providence police searched petitioner's home and the home of Luis Rivera with-out a search warrent and evidence derived from this warrentless search was admitted against the petitioner at the time of his trial.

XII

That the petitioner was denied his right to a constitutionally fair and impartial trial when his attorney became ineffective when the attorney turned over to the prosecution discovery evidence that the attorney failed to learn the contents of these reports.

XIII

That the petitioner was denied his right to a constitutionally fair and impartial trial when the prosecution offered evidence over the objection of the petitioner evidence that they failed to disclose to the petitioner under the rules of discovery.

XIV

That the petitioner was denied his right to a constitutionally fair and impartial trial when his attorney became ineffective when she failed to raise on appeal issues that would have changed the out-come of the petitioners appeal. Such facts which should have been brought up on appeal would include the question of the jury, the envidence illegally obtained by the providence police department, the petitioners attorney becomming ineffective during the trial process.

XV

That the Petitioner was denied his Constitutional right to a fair and impartial trial when the trial Justice did infringe upon the fact finding province of the jury by coercion or improper suggestion of guilt of the petitioner.

Wherefore, The Petitioner prays that this Honorable court grant the relief as requested as follows;

1.) That an order be issued for an evidentary hearing where proof of the allegations herein can be offered by the Petitioner.

2.) That an order be issued directing the respondant to produce the Petitioner at any and all hearings held by this Honorable Court.

3.) That after the merits of this case are heard, that an order be issued directing that the Petitioner's conviction be set aside and the Petitioner be discharged from further custody, in the Alternative, granting a new trial.

4.) For such other and further relief as the Laws of this State and this Honorable Court may deem as necessary or may require.

Date: 5/31/06

Respectfully Submitted;

[signature]

## CERTIFICATION

I, Victor R. Perez, do hereby swear and certify that a true and correct copy of this application for Post-Conviction Relief has been mailed to the Office of the Attorney general at 150 South Main Street Providence, R.I. 02903 on this Date;____________________

## VERIFICATION

I, Victor R. Perez, do hereby swear that the information contained in this application is true and correct to the best of my knowledge and that I have read the information contained in it.

DATE: 5/31/06

Victor R. Perez
P.O. Box 8273
Cranston, R.I. 02920

Signed and sworn before me on this date: Victor Perez

Notary Public

Kenneth C. Vale #3277
KENNETH C. VALE

My commision expires on this date:

7/12/09