STATE OF RHODE ISLAND PROVIDENCE, SC. SUPERIOR COURT

Victor Perez:

VS. : C.A. No. PM -06-32068

State of Rhode Island:

**COUNSEL'S MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO WITHDRAW AS ATTORNEY OF RECORD**

**TRAVEL OF THE CASE**

On May 22, 2001, after an eight-day trial, defendant was found guilty of one count of 1st degree Murder. On June 21 2001, defendant's Motion for a New Trial was denied. The Defendant was sentenced to Life in the ACI and timely appealed.

On August 26, 2005, the Rhode Island Supreme Court denied defendant's appeal. State v. Perez, 882 A.2d 574 (R.I. 2005).

On May 31, 2006, defendant filed a Petition for Post Conviction Relief (hereinafter "Petition") pursuant to R.I.Gen. Laws §10-9.1-1, as amended. The State of Rhode Island has not filed its Answer to the defendant's petition. On October 27, 2006, counsel was appointed to investigate the merits of defendant's Petition. On October 27, 2007 defense counsel filed a limited Entry of Appearance under the guidelines established in Shatney decided by the Rhode Island Supreme Court on June 22, 2000.

SUPERIOR COURT
FILED
HENRY S KINCH, JR.
07 MAR 21 AM 9:01

**THE REQUIREMENTS OF STATE V. SHATNEY**

In Shatney the Rhode Island Supreme Court set forth the following requirements when, as is the case at bar, court-appointed counsel has determined, after conscientious examination, that the issues raised in defendant's Petition are wholly frivolous, without merit, and neither supported by existing law, nor by a good faith argument for the extension, modification, or reversal of existing law:

> Upon notice to the applicant, counsel for the applicant may request permission from the court to withdraw, based upon an assessment that the application has no arguable merit. To do so, however, appointed counsel must file with the court and serve upon the applicant a motion to withdraw accompanied by a 'no-merit' memorandum that details the nature and extent of his or her review of the case, lists each issue the applicant wished to raise, and explains why in counsel's professional opinion those issues…lacked merit. The court must then conduct a hearing with the applicant present. If, based on its review of counsel's assessment of the potential grounds for seeking post-conviction relief…the court agrees that those grounds appear to lack any arguable merit, then it shall permit counsel to withdraw and advise the applicant that he or she shall be required to proceed pro se, if he or she chooses to pursue the application. This is a more relaxed standard than that required for withdrawal of counsel on direct appeals under Anders v. California, 386 U.S. 738 (1967). Shatney, 755 A.2d at 135. (emphasis added)

After hearing, the Superior Court justice may:

> (1) agree to allow appointed counsel to withdraw and advise the applicant to proceed pro se based on the court's assessment that counsel's position appears to be justified, or (2) if the court does not agree that the application appears to be merit less, it shall deny the motion to withdraw and direct that counsel proceed with the application or, alternatively, (3) grant the withdrawal request and appoint new counsel to do so. Id. at 136-37.

Pursuant to the Shatney requirements, defense counsel has: interviewed the defendant at the Maximum Security Unit at the Adult Correctional Institution and in the Providence Superior Court lock-up; reviewed defendant's Petition and Memorandum of Law In Support Thereof; thoroughly researched all of the issues raised in defendant's Petition; reviewed in excess of 800 pages of trial transcript; read all correspondence received from the defendant.

After a thorough and conscientious examination, defense counsel finds the issues raised in defendant's Petition are wholly frivolous, without merit, and neither supported by existing law, nor by a good faith argument for the extension, modification, or reversal of existing law. Additionally, defense counsel's examination further reveals that no other non-frivolous issues or arguments exist which might arguably support defendant's Petition.

**DEFENDANT'S ISSUES**

The Petitioner has raised the following issues with Counsel:

1). That the petitioner was denied his constitutional right to a fair and impartial trial when the court, over the petitioner's objection, allowed a prosecutorial witness to remain in the court room when said witness was not critical or essential to the presentation of the prosecutor's case.

This issue has already been raised on direct appeal and been denied in State v. Perez, 882 A.2d 574 (R.I. 2005). And therefore is not appropriate for post conviction relief application.

2). That the petitioner was denied his constitutional right to a fair and impartial trial when the court received over the objection of the petitioner the testimony of said expert witness that was directly tailored to that of the petitioner's testimony.

This issue has already been raised on direct appeal and been denied in State v. Perez, 882 A.2d 574 (R.I. 2005). And therefore is not appropriate for post conviction relief application.

3). That the petitioner was denied his constitutional right to a fair and impartial trial when the tailored testimony of the expert witness was received by the court which gave the jury a play by play analysis of the petitioner's testimony thus giving the jury an improper and convenient hook on which to hang its verdict of guilt for first degree murder on.

This issue has already been raised on direct appeal and been denied in State v. Perez, 882 A.2d 574 (R.I. 2005). And therefore is not appropriate for post conviction relief application.

4). That the petitioner was denied his constitutional right to a fair and impartial trial when the court over the objection of the plaintiff failed to properly instruct the jury as to the meaning of premeditation when applied to first degree murder.

I have reviewed the trial Judge's instruction beginning on page 770 and continuing on

page 772 1st paragraph, of the trial transcript wherein Judge Krause, stated the following: "The terms "maliciously" and with "premeditation" means deliberate and voluntary actions resulting from the defendant's prior consideration of the act itself. Such a prior consideration, however, must have existed in the mind of the defendant for more than simply a moment an intention to kill before the fatal act occurred; and that conscious fixation must have been more than just a fleeting or momentary thought." I have reviewed the jury instructions that the Trial Justice gave in this case as and have determined in my professional opinion the jury instruction as to premeditation was proper. In addition, the defendant did not object to the instruction prior to it being given to the Jury.

5). That the petitioner was denied his constitutional right to a fair and impartial trial when the court over the objection of the petitioner failed to properly instruct the jury in the matter of diminished capacity when the petitioner raised it as his defense.

The Trial Judge on page 772 and 773 of the Trial transcripts described diminished capacity as follows: "The defendant may claim the defense of diminished capacity if the evidence shows that, as a result of his consumption of alcohol and/or drugs, his will was so completely paralyzed that at the time of the killing he could not withstand evil impulses and did not have any intention of killing Rosa Perez. Bear in mind that it is not the defendant's burden to prove manslaughter by reason of diminished capacity; it is the State's burden to prove it beyond a reasonable doubt." I have reviewed the jury instructions that the Trial Justice gave in this case and have determined in my professional opinion the jury instruction as to diminished

capacity was proper. In fact on page 757 of the Trial transcripts Attorney Levy had no objection to the proposed charge as to diminished capacity.

6). That the petitioner was denied his constitutional right to a fair and impartial trial when the court over the objection of the petitioner failed to correct an improper instruction to the jury when the court told the jury that they could find the petitioner guilty of one of the charges against him.

Although I did not see specifically the statement as referenced in the petitioner's paragraph 6, it has been the defendant's position that he had in fact killed his mother but that not in the first degree, but rather a lesser offense. In fact, the defendant has admitted to killing his mother, the ultimate question was diminished capacity not innocence, so that this issue has no merit as well. The Trial Judge also admonished the jury that they had to find the defendant guilty beyond a reasonable doubt as to each and every element of the crime charged.

7). That the petitioner was denied his constitutional right to a fair and impartial trial when the court over the objection of the petitioner failed to answer a question raised by the jury as to an improper instruction regarding the word of premeditation.

I have reviewed the transcripts as it pertains to the question posed by a member of the Jury and it appears that they reached a verdict without the jurors needing the definition read to

them again. Judge Krause specifically asked the entire Jury pool if they reached their verdict without needing further explanations to premeditation and momentary and the jurors said they did not need further explanations to these issues. Trial transcript page 815.

8). That the petitioner was denied his constitutional right to a fair and impartial trial when the court, over the objection of the petitioner allowed the question raised by the jury to be answered by someone other than the court, when the trial justice should have been the only one to answer a question of this magnitude.

I have reviewed the transcripts as it pertains to the question posed by a member of the Jury and it appears that they reached a verdict without the jurors needing the definition read to them again. Judge Krause specifically asked the entire Jury pool if they reached their verdict without needing further explanations to premeditation and momentary and the jurors said they did not need further explanations to these issues. Trial transcript page 815. In addition defense counsel requested a mistrial which was denied by the trial judge and for whatever reason was not raised on direct appeal, which is the appropriate forum.

9). That the petitioner was denied his right to a fair and impartial trial when his attorney became ineffective when he failed to object to the prosecution offering to the court evidence that the Providence police illegally obtained with-out a search warrant from the apartment of the :petitioner.

The Defendant throughout his testimony refers to the apartment/ crime scene as his mother's apartment wherein he slept on the couch. The items that were seized in his mother's apartment were found in common areas of the house, areas were the residents shared, such as the kitchen, living room, bathroom etc, assuming arguendo that the defendant lived in the apartment he has no reasonable expectation of privacy in those areas of the home which he shared with others and presumably the motion to suppress would have been denied.

10). That the petitioner was denied his right to a fair and impartial trial when his attorney became ineffective when the prosecutor used evidence against him material which was unconstitutionally and illegally seized from petitioners home and the home of Luis Rivera by the providence police who were acting unlawfully. The facts will show that the providence police searched petitioner's home and the home of Luis Rivera with-out a search warrant and evidence derived from this warrant less search was admitted against the petitioner at the time of his trial.

In addition to that which has been outlined in answer # 9 above the defendant has no standing to the search of another's apartment namely Luis Rivera. The defendant never slept there or had any expectation of privacy in Mr. Rivera's apartment.

11). That the petitioner was denied his right to a constitutionally fair and impartial trial when his attorney became ineffective when the attorney turned over to the prosecution discovery evidence that the attorney failed to learn the contents of, these reports.

It inconceivable that Mr. Cicciline and Levy two very experienced trial attorneys had not reviewed the evidence and documents in which they were in possession of and the evidence at trial reveals that they did have a very good understanding as to all issues as it related to diminished capacity defense.

12). That the petitioner was denied his right to a constitutionally fair and impartial trial when the prosecution offered evidence over the objection of the petitioner evidence that they failed to disclose to the petitioner under the rules of discovery.

These issues were raised by the defense counsels in this case and were overruled by the Trial Judge, so that it is not an issue on post conviction, but rather direct appeal.

13). That the petitioner was denied his right to a constitutionally fair and impartial trial when his attorney became ineffective when she failed to raise on appeal issues that would have changed the out come of the petitioners appeal. Such facts which should have been brought up on appeal would include the question of the jury.

This is not an issue that is properly before the Court on a post conviction relief application as it relates to matters before the Rhode Island Supreme Court and not Trial counsel.

14). That the Petitioner was denied his Constitutional right to a fair and impartial trial when the trial Justice did infringe upon the fact finding province of the jury by coercion or improper suggestion of guilt of the petitioner.

The trial Judge admonished the jury more than once not to draw any inferences for any comments he should make, so again this is not an issue and if so should have been raised on direct appeal.

Additionally, after defense counsel's investigation, defense counsel has determined that no other non-frivolous issues or arguments exist that might arguably support defendant's Petition.

Each of these ineffective assistance of counsel issues are now examined and discussed.

**Ineffective Assistance of Counsel – The Standard for Review**

In reviewing a claim based on ineffective assistance of counsel, the Rhode Island Supreme Court has adopted the standard first announced in the case of Strickland v. Washington, 466 U.S. 668 (1984). The Sixth Amendment right to counsel is the right to the effective assistance of counsel, and the benchmark for judging any claim of ineffectiveness of counsel must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. Id. at 686; U.S.Const.Amend. 6.

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction has two components:

First, defendant must show that counsel's performance was deficient, which requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed defendant by the Sixth Amendment.

Second, the defendant must show that the deficient performance prejudiced the defense by showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Id. at 688; U.S.Const.Amend. 6.

In considering the first component of the test, the proper standard for judging attorney performance is that of reasonably effective assistance, considering all the circumstances. Id. at 669. When a convicted defendant complains of the ineffective-ness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. Id. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under those circumstances, challenged action might be considered sound trial strategy. Id. at 689; U.S.Const.Amend. 6.

A convicted defendant making a claim of ineffective assistance of counsel must identify acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment and, then, the court must determine whether, in light of all of the circumstances, those identified acts or omissions were outside the wide range of professional competent assistance. Id. at 690.

Thus, in considering the second component of the test, in order to prove prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. "A reasonable

probability is a probability sufficient to undermine confidence in the outcome." Id.

The United States Supreme Court in Strickland cautioned against subjecting counsel's actions to intensive scrutiny when considering an ineffective assistance of counsel claim, reasoning that "No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." Id. at 688-689. The United States Supreme Court further stated:

> Judicial scrutiny of counsel's performance must be highly deferential. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id. at 689.

The Strickland two-pronged test was expressly adopted by the Rhode Island Supreme Court in the case of Brown v. Moran, 534 A.2d 180,182 (R.I.1987). In Brown, petitioner argued that his trial counsel was ineffective because he failed to introduce available evidence of petitioner's intoxication prior to his arrest, and chose to argue that petitioner's statement was not voluntarily given. Id. at 181-182.

In affirming the dismissal of the Petition for Post Conviction Relief, the Rhode Island Supreme Court held that the petitioner did not overcome the "strong presumption" set forth in Strickland, further holding that petitioner failed to show that his trial attorney's performance was deficient. Brown, 534 A.2d at 182-183. See also, Barboza v. State, 484 A.2d 881 (R.I.

1984), wherein the defendant sought Post Conviction Relief to set aside a guilty plea to common law rape. After a discussion of Strickland, the Rhode Island Supreme Court affirmed the Superior Court's dismissal of defendant's petition for Post Conviction Relief stating that the defendant failed to sustain his burden of proof in demonstrating that services rendered by his counsel were deficient such that his guilty plea was entered under duress and with a total lack on his part of any knowledge of defendant's constitutional rights. Barboza, 484 A.2d at 883-884.

**Ineffective Assistance of Counsel**

Defendant contends that trial counsel was ineffective because trial counsel failed to in the following areas of the law:

1). That the petitioner was denied his right to a fair and impartial trial when his attorney became ineffective when he failed to object to the prosecution offering to the court evidence that the Providence police illegally obtained with-out a search warrant from the apartment of the :petitioner.

The Defendant throughout his testimony refers to the apartment/ crime scene as his mother's apartment wherein he slept on the couch. The items that were seized in his mother's apartment were found in common areas of the house, areas were the residents shared, such as the kitchen, living room, bathroom etc, assuming arguendo that the defendant lived in the apartment he has no reasonable expectation of privacy in those areas of the home which he shared with others and presumably the motion to suppress would

have been denied.

2). That the petitioner was denied his right to a fair and impartial trial when his attorney became ineffective when the prosecutor used evidence against him material which was unconstitutionally and illegally seized from petitioners home and the home of Luis Rivera by the providence police who were acting unlawfully. The facts will show that the providence police searched petitioner's home and the home of Luis Rivera with-out a search warrant and evidence derived from this warrant less search was admitted against the petitioner at the time of his trial.

In addition to that which has been outlined in answer # 9 above the defendant has no standing to the search of another's apartment namely Luis Rivera. The defendant never slept there or had any expectation of privacy in Mr. Rivera's apartment.

3). That the petitioner was denied his right to a constitutionally fair and impartial trial when his attorney became ineffective when the attorney turned over to the prosecution discovery evidence that the attorney failed to learn the contents of, these reports.

It inconceivable that Mr. Cicciline and Levy two very experienced trial attorneys had not reviewed the evidence and documents in which they were in possession of and the evidence at trial reveals that they did have a very good understanding as to all issues as it related to diminished capacity defense.

4). That the petitioner was denied his right to a constitutionally fair and impartial trial when the prosecution offered evidence over the objection of the petitioner evidence that they failed to disclose to the petitioner under the rules of discovery.

These issues were raised by the defense counsels in this case and were overruled by the Trial Judge, so that it is not an issue on post conviction, but rather direct appeal.

5). That the petitioner was denied his right to a constitutionally fair and impartial trial when his attorney became ineffective when she failed to raise on appeal issues that would have changed the out come of the petitioners appeal. Such facts which should have been brought up on appeal would include the question of the jury.

This is not an issue that is properly before the Court on a post conviction application as it relates to matters before the Rhode Island Supreme Court and not the Trial Court.

In LaChappelle v. State, 686 A.2d 924 (R.I.1996), the defendant plead nolo contendere to five counts of conspiracy to deliver a controlled substance and 8 other miscellaneous charges, and was sentenced to 15 years imprisonment with 6 years to serve. While on probation, the defendant was arrested and charged with 2 counts of sexual assault, and a violation hearing was scheduled for April 13, 1992. On April 12, 1992, the day before the scheduled violation hearing, defendant met for the first time with his court appointed counsel, an Assistant Public Defender. Defendant contends that this initial meeting lasted approximately 10 minutes, during

which time defense counsel suggested that defendant accept the State's plea offer of 7 years to serve on both the probation violation and the 2 new pending sexual assault charges. Defendant refused to accept the state's offer, maintained his innocence, and insisted on proceeding to trial. The defendant requested that defense counsel interview witnesses and obtain the victim's medical reports, which defendant claimed would exonerate him. When defense counsel realized that defendant would not accept the state's offer, defense counsel promptly left and the hearing was continued to April 27, 1992. On that date, defense counsel again met with defendant and again urged defendant to accept the State's offer, which by this time had been increased to 8 years to serve. The defendant was angry about the increase in the time to be served and about defense counsel's failure to interview any witnesses or to obtain the medical reports. Defense counsel told the defendant that he had no defense and could be imprisoned for life on the sexual assault charges. Defense counsel also told defendant that the testimony of the victims, standing alone, could provide a basis for defendant's conviction on the sexual assault charges as well as providing a basis for a finding that the defendant had violated the terms of his probation. Defense counsel then allegedly told the defendant that he had 10 minutes to decide whether to accept the offer. Id. at 926.

During the afternoon of April 27th, defendant decided to accept the State's offer, admitted to being a probation violator, waived indictment, and entered pleas of nolo contendere on the new sexual assault charges. Id. The trial justice thoroughly advised defendant of his constitutional rights during the plea colloquy, including the right to have the sexual assault charges presented to the grand jury, and the various constitutional rights defendant was waiving. Defendant was sentenced to 25 years at the Adult Correctional Institution with 8 years to serve.

On October 13, 1993, defendant filed an application for Post Conviction Relief alleging that he was denied his right to the effective assistance of counsel. Id. An evidentiary hearing was held in the Superior Court where defendant testified as to the "scant" attention he had received from defense counsel, and the fact that defense counsel failed to interview witnesses or obtain medical reports, all of which defendant contended rendered his plea involuntary. Id. After hearing the evidence, the trial justice stated that although she could not "in any way countenance [defense counsel's] lack of investigation and preparation for the violation hearing and the limited time [defense counsel] spent with [the defendant]," the defendant had presented insufficient evidence to suggest defense counsel's "shortcomings" had made a material difference in the outcome of the violation and waiver proceedings. Id. Defendant's petition for Post Conviction Relief was denied, and defendant appealed.

The Rhode Island Supreme Court, after a thorough review of the record concerning the plea colloquy and waiver of indictment, concluded that there was no error in the hearing justice's decision. Id. The Court in LaChappelle then discussed the Strickland standard in reviewing claims based on ineffective assistance of counsel. Under Strickland, a defendant must show "First, that counsel's representation fell below an objective standard of reasonableness," and Second, the defendant must show "a reasonable probability that but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial." LaChappelle, 686 A.2d at 927, citing, Strickland, 466 U.S. at 668.

The Rhode Island Supreme Court in LaChappelle held that the defendant failed to meet the second prong of the Strickland test by failing to prove that defense counsel's performance prejudiced defendant. LaChappelle, 686 A.2d at 927. The Rhode Island Supreme Court went

on to hold that defense counsel's failure to interview witnesses and obtain medical reports was not prejudicial, particularly in view of the defendant's own incriminating statements made to the police after his arrest and the equivocal contents of the medical reports. Id. Given that incriminating evidence, and the fact that the defendant was facing a 9 year prison sentence as a probation violator, and a possible life sentence for one of the two pending sexual assault charges, the Rhode Island Supreme Court was "unable to accept defendant's argument that he would have refused to enter a plea of nolo contendere and then have stood trial after indictment on the two sexual assault charges." Id., citing, Crombe v. State, 607 A.2d 877 (R.I. 1992), discussed infra, wherein the Rhode Island Supreme Court upheld a plea of nolo contendere against a claim of ineffective assistance of counsel in a case where the defendant was faced with a possible sentence of 20 years on a charge where the State had adequate evidence to convict.

In LaChappelle, the Rhode Island Supreme Court agreed with the hearing justice that defense counsel's performance "was not so efficient or zealous as is generally expected, but we are unable to find that the poor quality of counsel's work would have altered the result." Id. With respect to defendant's complaints regarding the poor quality of defense counsel's work, the Rhode Island Supreme Court did note that it was not within defense counsel's ability to prevent a violation hearing to be scheduled before a trial on the underlying charges. Id.

In Delahunt v. State, 440 A.2d 133 (R.I. 1982), decided prior to Strickland, the defendant was convicted of assault with intent to rob, and filed an application for Post Conviction Relief alleging ineffective assistance of counsel in violation of his Sixth Amendment constitutional right to counsel and his Fourteenth Amendment right to due process. Delahunt, 440 A.2d at 134. Defendant argued that he was denied effective assistance of counsel

on the basis that defense counsel erred in neither visiting the crime scene, nor interviewing defendant's alibi witnesses, the victim, or individuals allegedly present at the crime scene. The defendant also alleged that defense counsel failed to investigate defendant's case properly, failed to prepare the case adequately, and failed to obtain the grand jury minutes to impeach the victim at trial. Id. at 135. The Superior Court denied defendant's application for Post Conviction Relief, stating that defendant had not proven that he was denied "reasonably effective assistance of counsel," which decision was affirmed by the Rhode Island Supreme Court. Id., citing, State v. Turley, 113 R.I. 104, 318 A.2d 455 (1974). The Rhode Island Supreme Court rejected defendant's claim that defense counsel's alleged failure to properly investigate the case, visit the crime scene, or interview alibi witnesses, or otherwise prepare the case affected defense counsel's ability to defend the defendant properly at trial. Delahunt, 440 A.2d at 136. As to defendant's other contentions, the Court stated that, "We fail to see how any additional client contact or how filing for discovery would have added anything of substance to the defense." Id.

The Court in Delahunt concluded that the defendant has not borne the burden of proving that defense counsel failed to render "reasonably effective assistance" to the defendant. Id.

In Jacques v. State, 669 A.2d 1124 (R.I.1994), defendant was convicted of first-degree sexual assault. Defendant filed an application for Post Conviction Relief, which was denied by the Superior Court. Defendant was represented at trial by the late Public Defender, Richard Casparian. Defendant argued that an alleged lack of effective assistance of counsel at trial denied him his Sixth Amendment right to counsel under the United States Constitution. Id. at 1145. Among defendant's numerous complaints concerning his lack of effective assistance of counsel claim, defendant contended that defense counsel failed to prepare adequately for trial;

spent approximately two hours preparing for trial; was disappointed that defendant refused a plea bargain; was overburdened with too many cases which prevented him from properly preparing defendant's case; failed to investigate properly and interview witnesses; failed to listen to the grand jury tapes; failed to object to jury instructions; failed to call 25 character witnesses to testify on behalf of the defendant; never discussed trial strategy with the defendant; and did not return defendant's telephone calls. Id. at 1145-1146. During the Post Conviction Relief hearing, defense counsel categorically denied all of defendant's allegations. Id. at 1146. Defense counsel denied the allegation of his time being unavailable because of a heavy caseload, and testified that he spent the necessary time to prepare for the case. Defense counsel stated that he listened to the grand jury tapes. Defendant offered no proof to support his allegations. Id. Defense counsel offered detailed testimony that directly contradicted all of defendant's allegations. For example, defense counsel testified that he engaged in meaningful plea discussions, and did not object to the jury instructions because he thought the instructions conformed to the law, and the Rhode Island Supreme Court, in reviewing the trial justice's instructions, agreed with the legal aspects of the trial justice's instructions. Id. at 1146-1147. Defense counsel testified that he unequivocally advised defendant not to testify, but the defendant insisted on testifying. Defense counsel also testified about his decision to call only one character witness.

The Court in Jacques discussed the precepts of Strickland, discussed extensively throughout this Memorandum, stating that:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess
> Counsel's assistance after conviction or an adverse sentence, and it is all

> too easy for a court, examining defense counsel's defense, after it has proved unsuccessful, to conclude that a particular act or omission was unreasonable. Jacques, 669 A.2d at 1149, citing, Strickland, 466 U.S. at 687.

The Court in Jacques then discussed Strickland's two-pronged test, emphasizing the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Jacques, 669 A.2d at 1149, citing, Strickland, 466 U.S. at 687. As stated in the Strickland case itself, the decision to call witnesses is a tactical decision made by counsel. Jacques, 669 A.2d at 1149, citing, Strickland, 466 U.S. at 699.

The Rhode Island Supreme Court then held that the defendant has "clearly failed" to establish that defense counsel was ineffective based on his decision to call only one character witness. Jacques, 669 A.2d at 1150. The Court further held that:

> Based upon the Court's finding of facts and the application of the pertinent cited case law relative to the allegations of ineffective assistance of counsel, this Court has no alternative but to conclude that the petitioner has failed to meet his burden to prove that trial counsel was in any way deficient to the extent that the petitioner suffered any substantial prejudice. Id. at 1151.

As stated by the Rhode Island Supreme Court in the case of State v. D'Alo, 477 A.2d 89 (R.I.1984), effective representation is not the same as errorless representation:

> Even the most skillful criminal attorneys make errors during a trial. The myriad of decisions, which must be made by defense counsel quickly and in the pressure cooker of the courtroom, makes errorless representation improbable, if not impossible. This is particularly so since the determination of whether there have been errors is made by a court far removed from the heat of trial combat and with the time necessary to make a reasoned judgment. Thus, a choice between trial tactics, which appears unwise only in hindsight, does not constitute constitutionally deficient representation under the reasonably competent assistance standard. To state and prove a claim under this standard, a

> defendant must allege and demonstrate that his counsel's errors clearly "resulted from neglect or ignorance rather than from informed, professional, deliberation." Id. at 92, quoting, United States v. Bosch, 584 F.2d 1113,1121 (1stCir. 1978).

Other Rhode Island Supreme Court cases involving ineffective assistance of counsel claims illustrate the difficulty of meeting the Strickland burden and of overcoming the presumptions stated therein.

For example, in McKenna v. State, 671 A.2d 804,806 (R.I. 1996), wherein defendant was convicted of first-degree sexual assault of a child under the age of thirteen, the Court held that trial counsel's failure to aggressively cross-examine the child-victim and her mother, trial counsel's failure to call character witnesses on the defendant's behalf, and trial counsel's failure to consider defendant's suggestions during trial were strategic choices that did not amount to ineffective assistance of counsel within the meaning of Strickland. The Court in McKenna stated that:

> When a defendant claims ineffective assistance of counsel, the issue is whether "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Tarvis v. Moran, 551 A.2d 699,700 (R.I.1988), quoting, Strickland v.Washington, 466 U.S. 668,686 (1984). To prevail on such a claim, a defendant must show that counsel's errors were so serious that his or her Sixth Amendment guarantee to counsel was violated and that the deficient performance prejudiced the defense. Tarvis, 551 A.2d at 700-701; Strickland, 466 U.S. at 687; cited in McKenna, 671 A.2d at 805.

In Clark v. Ellerthorpe, 552 A.2d 1186 (R.I.1989), the Rhode Island Supreme Court held that:

> Effective does not mean successful. It means conscientious, meaningful representation wherein the accused is advised of his rights and honest, learned and able counsel is given a reasonable opportunity to perform the task assigned to him. Id. at 1188. (citations omitted) (emphasis

added)

Using the test established in Strickland, the Court in Clark stated that to determine whether counsel's assistance was so defective as to warrant reversal, the defendant must prove that defense counsel's performance was deficient and that the deficient performance prejudiced the defense so seriously that it deprived the defendant of a fair trial. Clark, 552 A.2d 1188-1189, citing, Strickland, 466 U.S. 668 (1984).

> The proper standard for evaluating attorney performance is an objective measurement of assistance that is reasonably effective, when considered in light of all the circumstances and viewed as of the time of trial counsel's conduct. As the Strickland court cautioned, a reviewing court should strive "to eliminate the distorting effects of hindsight." Clark, 552 A.2d at 1188-1189, quoting, Strickland, 466 U.S. at 689.

In Clark, the Rhode Island Supreme Court held that the defendant did not prove that counsel's performance was deficient and that the deficient performance prejudiced the defense so seriously that it deprived the defendant of a fair trial. Clark, 552 A.2d at 1188.

See also, Clark v. Moran, 749 F. Supp. 1186 (D.R.I. 1990), wherein the United States District Court for the District of Rhode Island stated that:

> Even if this Court were to find that counsel's performance fell below the Strickland standard of reasonableness, Clark has not convinced this Court that his trial counsel's ineffectiveness prejudiced his defense. Under Strickland, Clark "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In other words, unless this Court can find that "absent the errors, the fact-finder would have had a reasonable doubt respecting guilt," Clark's counsel's performance did not prejudice his defense. Id. at 695, cited in Clark, 749 F.Supp. at 1201.

In Crombe v. State, 607 A.2d 877,878 (R.I.1992), defendant was convicted of assault with intent to murder and filed an application for Post Conviction Relief alleging ineffective assistance of counsel. The Rhode Island Supreme Court held that defense counsel's not

pursuing motorist as an alibi witness was not unreasonable considering that the assault occurred prior to the motorist's arrival on the scene, and that it was reasonable, and therefore not ineffective assistance of counsel, for defense counsel to advise defendant to plead nolo contendere to a charge of assault with intent to murder where there was adequate evidence to prove intent to kill.

Thus, counsel's performance was not deficient and the first prong of the Strickland test was not met. In order to prevail on the second prong of the Strickland test, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings probably would have been different. A reasonable probability is a probability to undermine confidence in the outcome. Strickland, 466 U.S. at 694, cited in Crombe, 607 A.2d at 879. In Crombe, the Court held that the evidence against the defendant, including the testimony of the victim and the treating physician, was substantial, and certainly sufficient to prove intent to kill. Id.

After a thorough and conscientious review of the record, there is absolutely no evidence whatsoever to indicate that Attorney Cicciline and Levy's representation of the defendant was in any way deficient, nor resulted in any prejudice to the defendant. Attorney Cicciline and Levy competently represented defendant throughout the course of defendant's 8-day trial. Attorney Cicciline and Levy zealously represented the defendant; vigorously cross-examined the State's witnesses; made appropriate objections at Trial, argued motions; moved for a judgment of acquittal at the close of the State's case; filed a Motion for a New Trial in a timely fashion and vigorously argued that Motion; and orally moved to pass the case. Defense counsel met with defendant and discussed in detail the "theory" of the case.

After a thorough review of the transcript and applicable case law, defense counsel states that Attorney Cicciline and Levy's representation was in no way ineffective or deficient according to the guidelines established in Strickland and its progeny.

**CONCLUSION**

In order to prevail on a claim of ineffective assistance of counsel, a defendant must meet the burdens first imposed in the case of Strickland v. Washington, 466 U.S. 668 (1984), and later adopted by the Rhode Island Supreme Court in Brown V. Moran, 534 A.2d 180 (R.I. 1987).

A defendant must prove that counsel's representation was deficient and fell below an objective standard of reasonableness. This Honorable Court is required to indulge a strong presumption that defense counsel's conduct falls within the wide range of reasonable professional assistance. A defendant must next prove that defense counsel's deficient performance prejudiced the defense by showing that counsel's errors were so serious as to deprive the defendant of his right to a fair trial. This requires the defendant to show that there is a reasonable probability that, but for counsel's unprofessional errors, the outcome would have been different. The defendant has failed to meet his burden of proof with respect to defendant's ineffective assistance of counsel claim.

Defendant's contention that defense counsel's alleged failure as to his issues that he raised above, rises to the level of ineffective assistance of counsel must likewise fail, because the defendant cannot demonstrate that he was prejudiced by the actions of defense counsel. Attorney Cicciline and Levy made a reasonable strategic decision given the evidence in the case with the concurrence of the defendant to use as their defense, given the evidence before them of

a diminished capacity defense. Unfortunately for the defendant this case was a "battle of the experts". The Jury chose to believe the prosecution expert over the defendants.

Furthermore, and as stated herein, a fair reading of the transcript reveals that Attorney Cicciline and Levy rendered a very competent performance in a very difficult, Murder trial. Attorney Cicciline and Levy competently represented defendant throughout the course of defendant's 8-day trial. Attorney Cicciline and Levy zealously represented the defendant; vigorously cross-examined the State's witnesses; and vigorously argued; for a judgment of acquittal at the close of the State's case; filed a Motion for a New Trial in a timely fashion and vigorously argued that Motion; and orally moved to pass the case. Because defendant's contention with respect to his ineffective assistance of counsel claim do not rise to the level of proof required by Strickland, based on the current state of the law, defense counsel is unable to represent that the defendant was unconstitutionally deprived of his right to counsel, or that the defendant was denied effective assistance of counsel.

> It is interesting to quote the words of Mr. Justice Krause in denying the defendant's Motion For a New Trial. ....that when a defendant elects to testify he runs the very real risk that if disbelieved, the trier of fact may conclude the opposite of his testimony is the truth. As long as their exists some other evidence of the defendant's guilt, disbelief of a defendants' sworn testimony is sufficient to sustain a finding of guilt. (Trial transcript page 843). The Court went on to state that obviously there was other evidence of defendant's guilt. The Judge went on to state, "suffice it to say that the real key to the defendant's diminished capacity defense was the Jury's acceptance of his own testimony and that of Dr. Greer. The Jury declined to do so. (Trial transcript page 846)

Defendant's frivolous Petition for Post Conviction Relief is a perfect example of

the "repetitive, successive, piecemeal or collateral attacks on judgments of conviction [that] may tax the limited resources of the judicial system and constitute an abuse thereof" which the Rhode Island Supreme Court warned of in State v. Shatney, 755 A.2d at 135.

WHEREFORE, because defense counsel, after conscientious examination, finds the issues raised in defendant's Petition for Post Conviction Relief to be wholly frivolous, and not supported by existing law, or by a good faith basis for the reversal, extension, or modification of existing law, defense counsel respectfully moves that his Motion To Withdraw as counsel of record for the defendant be granted.

Respectfully Submitted,

Terence Livingston, ESQUIRE #4610
681 Smith Street
Providence, RI 02908
Tel.: (401) 861-8121
Fax: (401) 274-5433

CERTIFICATION

I hereby certify that a copy of the within Memorandum of Law was mailed, via postage-prepaid, first-class mail, to Bethany Mactaz, Esquire, Assistant Attorney General, Rhode Island Department of Attorney General, 150 South Main Street, Providence, Rhode Island 02903, and to Mr. Victor Perez, Maximum Security, Adult Correctional Institution, P.O. Box 8275, Cranston, Rhode Island 02920, on this the 27th day of February 2007.