# State of Rhode Island and Providence Plantations

Providence, s.c. SUPERIOR COURT

| | | |
|---|---|---|
| Victor R. Perez<br>Vs.<br><br>State of Rhode Island et.al. | * * * * * * * * * * * | Case No. PM -06-3208 |

**PLAINTIFF'S OBJECTION TO MEMORANDUM OF LAW**

**IN SUPPORT OF MOTION TO WITHDRAW**

Now, Comes the Plaintiff, Victor R.Perez in the above entitled matter and objects to counsel's memorandum of law in support of motion to withdraw. The plaintiff makes the following objections to the motion;

1.) The plaintiff will agree with attorney Livingston on this claim,

2.) The plaintiff disagrees with Attorney Livingston on this Claim, the subject of the Expert witness being able to tailor his testimoney was not brought up in **State Vs. Perez 882 A.2d 574 (R.I. 2005).**

3.) Plaintiff disagrees with Attorney Livingston The improper testimomey given to the jury was not brought up in **State Vs. Perez.**

4.) The PLaintiff disagrees with Attorney Livingston, if the jury instruction was proper then the jury would not have asked such an important question that went unanswered by this court.

SUPERIOR COURT
FILED
HENRY S. KINCH, JR.
07 MAR -6 AM 11:46

5.) The Plaintiff will agree with Attorney Livingston on this claim.

6.) The plaintiff disagrees with Attorney Livingston. The improper comment from Justice Krause to the Jury about the Defendants guilt was improper This was objected to and not raised on appeal and is proper for Collateral attack under the Post-Conviction Statute. The defendant is still presumed innocent of all charges against him until the end of the trial, and is only a matter for the Jury to decide when they render their verdict. (see tr. pg 778 line 23,24,25)

7.) The Plaintiff disagrees with Attorney Livingston, This question should have been answered by the Court and No-One else, this question shows that there was infact an improper jury instruction that should have been delt with.

8.) The Plaintiff disagrees with Attorney Livingston, This was an important question and should have only been answered by the Justice presiding over the trial.

9.) The Plaintiff will agree with Attorney Livingston on this Claim.

10.) The Plaintiff will Agree with Attorney Livingston on this Claim.

11.) The Plaintiff disagrees with Attorney

Livingston. The defendants Attorney did infact turn over information to the Prosecution that he was unaware of the contents of. This is reflected in the trial transcripts on page Number 650 ,line number 4,5,6,and 7. This fact was brought up by the trial Justice to the Defendant's Attorney.

12.) The Plaintiff will agree with Attorney Livingston on this claim.

13.) The Plaintiff will agree with Attorney Livingston that this is an issue that will have to be brought up with the Rhode Island Supreme Court.

14.) The PLaintiff disagrees with Attorney Livingston. To the point, the seed was planted by JUstice Krause and it was watered! The improper comment from Jüstice Krause sealed the Defendants fate in the mind of the jury and did prejudice the Defendant to the degree of not receiving a fair and impartial trial as guarenteed by the Constitution of the United States and this State.

For the reasons stated above the PLaintiff, Victor R. Perez objects to the memorandum of law filed by Attorney Livingston and requests that this Honorable Court Appoint him another Attorney that he may better express his claims to.

Respectfully Submitted;

Date: 3/2/07

[signature]

Victor R. Perez
P.O. Box 8273
Cranston, R.I. 02920

**CERTIFICATION OF SERVICE**

I, Victor R. Perez, hereby certify that a true and correct copy of the attached Objection was mailed to the Office of the Attorney General, at 150 South Main street in Providence, Rhode Island 02903 on MARCH 2, 2007, Via The United States Postal Service.

Respectfully;

[signature]

Victor R. Perez
P.O. Box 8273
Cranston, R.I.
02920

DATE: 3/2/07